All right, Madam Clerk, please call the next case for argument. 20-1606 from the Southern District of Iowa, James Stark et al. v. Steve Sproul. All right, Mr. Ortt, we'll hear from you first. May it please the Court, Mr. O'Brien, my name is Steven Ortt. I represent Steven Sproul, who's a Deputy Lee County Sheriff. On June 29th of 2016, Deputy Sproul was transporting a prisoner. The prisoner was in the backseat of his SUV. The prisoner was handcuffed and shackled. He was not seat-belted. As the officer was proceeding through Fort Madison, he received a radio call concerning an armed robbery in progress in the west end of Fort Madison, Iowa. He responded to that call with the prisoner in the backseat with the specific intent to sit in the parking lot and observe what had occurred so he could report that to the Fort Madison Police Department when they arrived. Prior to the arrival of the Police Department, he observed that the robbery suspect had exited one of the doors of the bank. Deputy Sproul followed him in the SUV. As he approached and followed this individual, the individual turned around with, I believe, a .40 caliber handgun and began discharging that weapon toward the officer's police vehicle. The officer then made a sharp right turn to evade gunfire. As a result of this, Mr. Stark claims that he was injured in the backseat because he'd been bounced around in the process of this. Mr. Stark claimed that this was a constant violation of his Eighth Amendment right against cruel and unusual punishment. Deputy Sproul moved for summary judgment, making an argument that he was entitled to qualified immunity. The District Court reviewed the qualified immunity claim on the basis of deliberate indifference, and it is our contention that the proper standard for review should be that of excessive force. And I, in no small part, rely upon a case in the Fourth Circuit that cited in the brief that recognizes that the injuries to Mr. Stark were the result of force, the force of the officer turning the car or whatever. One thing is absolutely clear, and I would point out page 19 of the judge's ruling when she's a very specific finding. In it, the judge says there's no evidence of any use of excessive force, and there isn't. Not only is there no use of any excessive force, there's no intent on the part of Deputy Sproul to punish Mr. Stark at all. And therein, I think, lies the problem in what I've attempted to point out in the brief as the deficiency in the deliberate indifference standard when it's applied in this type of a circumstance. The Supreme Court in the Whittle decision, I believe it is, recognized there are circumstances where the officer is confronted with a situation that is described as rapidly evolving and dangerous, and that is exactly where Deputy Sproul found himself to be. Now, one can raise the question, well, should he have been there in the first place? The plaintiff has retained an expert. That expert finds that Deputy Sproul's proceeding to the bank to make the observations was a reasonable thing to do. It was in the moments when the robber appeared to be escaping and could perhaps avoid apprehension that Deputy Sproul decided to follow so he could advise the police of his whereabouts. When this individual turned and started firing, the police were, in fact, able to shoot and kill the robber as he was firing at Deputy Sproul's police car. So the question becomes here, what is the proper standard to apply in this case? Is it deliberate indifference? And that becomes then a fact question, or whether as a matter of law, in the absence of any evidence whatsoever of an intent to inflict harm or punishment upon Mr. Stark, this matter should proceed to trial at all. That is it in a nutshell. How did you deal with the Brown case? Do you think the Brown case requires us to use deliberate indifference in this situation? Brown is the case, I think, where the Eighth Circuit said that the failure to put somebody in a seat belt can, under certain circumstances, be a violation and that the deliberate indifference standard is there. The problem I see with the deliberate indifference standard is, let's say Deputy Sproul's driving down the road and a four-year-old child runs out in front of him and he slams on the brakes. And as a result, Mr. Stark in the back seat gets injured. The court has made it clear that the mere absence of the seat belts isn't a constitutional violation. Deputy Sproul's actions would certainly be described as deliberate because he's trying to avoid running over the child in front of him. Does that mean that he violated Mr. Stark's constitutional rights against cruel and unusual punishment because he was confronted with an emergency situation that forced him to make decisions on the spot? And that's the point I tried to make in the introduction here. How does the officer in this situation, who decides whether his conduct is or is not reasonable? Which is, frankly, a different question. Whether he was negligent is a different question. Well, that's right. And I'm wondering, even if deliberate indifference is the standard, whether this officer would have qualified immunity. If deliberate indifference is the standard? Yeah, even if we assume that deliberate indifference is standard, I thought you were arguing alternatively that he would have qualified immunity even under that standard, but maybe I misunderstood. Well, the trial court ruled that that's a fact question to be submitted to the jury as to whether or not he demonstrated deliberate indifference. My argument is that this is not a case that should be decided by a jury. There's no evidence here. There's no basis upon which one could reasonably conclude that Deputy Spruill intended to punish James Stark. When you look at the deliberate indifference cases, those have to do with medical conditions or conditions of confinement, where you can say, hey, you've been leaving this guy in the jail for weeks without medical treatment, and you know he's got a serious condition. That we can infer from your behavior that you intend to inflict punishment on this guy because of what you're doing and the deliberate indifference that you have shown. Deliberate indifference implies you've got some time to deliberate, and that was one of the points that was made by the court in the Whittle case. This is an immediate situation. Do you let this armed robber go? Is there a risk that he would hijack a car? Is there a risk that he could harm civilians? And who makes the decision as to whether or not that is or isn't proper? That's the difficulty that I see in a case of this nature. Do you impose constitutional liability for infliction of cruel and unusual punishment in a situation where it, frankly, appears absolutely obvious there was no intent whatsoever to do that on the part of the acting officer? The acting officer, if anything, one could criticize him for being in the situation in the first place, but to say that his actions taken were Mr. Stark or that in doing so he had deliberated the situation to know that this would create a situation risking Stark I think is not supported by this record, and I think the court applied the wrong standard when they applied it. There are no other questions. I would reserve the remainder of my time for rebuttal. Very well. Thank you for your argument. Mr. O'Brien, we'll hear from you. May it please the court, good afternoon. I'm here representing James Stark, the person that was in custody and injured at the time of this incident. I do want to point out that I am, I think for the first time in my, a number of times that I've argued before this distinguished court, I get to sit here and say that the district court got it 100% correct, and all you need to do is affirm, which is quite an enviable position for me, but it is accurate. If you read this decision, it's right on point. It follows a case that is right on point that you spoke about with Mr. Ortt, the Brown decision. In fact, to the extent that there are factual differences between Brown and this case, the facts are more egregious. In Brown, of course, we had two police vans that were driving in what might be described as an aggressive manner, perhaps speeding, changing lanes quick, that kind of thing, and they ended up being in a collision. In this particular case, we have an officer who was charged with the health and safety and welfare of Mr. Stark, transporting him to a dental appointment, who made a right where this call went out to go and observe and see if he could assist in some way. But as soon as the bank robber came out and he decided to get right into the thick of the chase of this bank robber, that's where he crossed the line and put Mr. Stark in danger of his life, not just of being injured by driving at a relatively high rate of speed over an unmaintained open field, but to be shot at. Let me ask you about Brown. You say Brown's right on point, but in Brown, there was no other legitimate police activity in which the officers were involved. That was simply a case of transporting people and driving in a way that caused injury to people who were prisoners and weren't wearing seatbelts. But here, the officer had another police activity he was undertaking. Why isn't that different? And query whether that should change the standard to intent to harm, or if not, whether at least it shows that the activity here wasn't deliberately indifferent. Well, it clearly was deliberately indifferent because he didn't care about Mr. Stark's welfare when he decided to chase this armed bank robber who was at the time, should choose to undertake that kind of risk to the person that's in their car. Officers, we honor them because they take those kinds of risks, and in some cases, that is part of their job. But in this particular case, it was fine for this officer to say, I'm in the area, I can go to this side of the bank, and I do believe that Mr. Orr overstated the facts of the case. The Fort Madison police are on the other side of the bank already. As soon as he started to chase him across the field, they came in from the other direction. He turned right, the suspect was shot and killed. There was no risk of this bank robber getting away. He could have stayed right where he was, out of harm's way, radioed to dispatch, that the bank robber came out of that door, so they would have been in position to chase him. He chose instead to put, you know, look, you have to be laudatory towards him, he put himself in harm's way too, and that's a choice he could make for himself as a law enforcement officer. He doesn't get to make that choice for the guy sitting in his back seat saying, what the heck are you doing? I don't want to get shot at. I didn't get to do anything that requires me to have to be put into that kind of position. Your number one obligation at that point in time as a deputy, a jailer, transporting a prisoner. So he voluntarily put Mr. Stark in harm's way, and I do believe there's a certain amount of intentionality to that, but I really see this case from Mr. Ortt's argument as more of a bait and switch. You know, they cite the Whitley case, the Supreme Court case, which I, you know, the reasoning in that case makes some sense, because they were in a prison riot situation where force was used intentionally. A gun was fired at a prisoner, and they said, the Supreme Court held in that case that it is not sufficient to simply talk about that case, apply a standard of deliberate indifference, and that's where they went to intent to harm. But any time you have an excessive force case, you are having intentional use of force, and then the question becomes, was the force excessive or not? That is not what this case is about. This is a deliberate indifference case. This Stark was in the custody of the Lee County Jail, and they had an obligation to protect him and not to be deliberately indifferent to his welfare, putting him in harm's way so that he was driven across an open field without the ability to brace himself, no seatbelt on, legs shackled, arms shackled, and also being shot at is not the kind of thing we want to encourage our officers to do when they're transporting prisoners. He certainly could have been assistance of assistance to the other officers at that point in time, but he violated Mr. Stark's constitutional rights when he decided to voluntarily put him in harm's way. And he may not have intended to harm him, but it was certainly foreseeable, and as the district court judge found, the facts could definitely establish the deliberate indifference standard that she applied. Council, why isn't what you've just noted there, why isn't that kind of in the category of 20-20 hindsight? I mean, we've got a law enforcement officer transporting, but also is notified or learns of a robbery to competing, and that's what law enforcement officers do, protect the public, investigate. I mean, why wasn't that just a situation of competing obligations presented the officer, and he had to make the proverbial split-second decision? Because there's no hindsight involved, because he knows Stark is in the backseat of his car, and that whatever he chooses to do with his car, he's making Stark go along and do the same thing. Now, this is a smaller county. It almost is like you're asking me questions about budgetary rights are dependent upon these counties' ability to budget enough jailers to strictly handle transport and not also be involved in responding to 911 calls when they come in. And I understand that in smaller counties, they can get pulled in various directions because of the lack of a budget. But again, our constitutional rights don't depend on that. And once when you're tasked with taking this detainee to a dental appointment and bringing them back, that includes doing so without putting him in harm's way and getting fired at. You say the Whitley case is not applicable, but there is this Fourth Circuit case called Thompson that applies Whitley and the intent to harm standard to a seatbelt situation on the view that using the momentum of the vehicle to cause harm to a prisoner is a use of force. And in that case, there was intent to harm alleged. That's the prison said the officers intentionally put on the brakes and gave him a rough ride and so forth. Do you think that case is wrongly decided in applying the intent to harm standard? We have to conflict with that to rule for you? I don't think so. I don't think so, Judge. And I don't see a difference between if I understand the facts of the cases you're describing them, the allegation was that the officer is intentionally slamming on the brakes to cause shackled people to headbutt into partitions and those kinds of things. I don't see that any different than intentionally using a nightstick to inflict injury on someone else. And then the question becomes, was it done so excessively and without? I think the I think Sproul's argument here is I didn't do that. I wasn't intending to harm Stark by jamming on the brakes and so forth. I was intending to deal with an emergency bank robbery situation and regrettably, he may have been injured, but it doesn't meet the intent to harm standard under that case. Well, I agree that I don't I agree that I don't think it meets the intent to harm standard, but that's why the district but the district judge got it right. That's not the appropriate standard because there wasn't any intentional infliction of force used in this case on Mr. Stark. But I mean, we have to decide what the legal standard is independent of what the facts in the case are. We can't say, well, the intent to harm standard applies only when the officer intended to harm. And if he didn't intend to harm, that's a different standard, right? I mean, don't you think the standard needs to be consistent? It does, but it works both ways. If you are going to change the standard now and say anytime we would otherwise apply a deliberate indifference standard, we have to show intent to harm. There's a whole lot of cases that you're going to have to reverse from the 8th Circuit where people were not provided appropriate medical care, treatment and those kinds of things. And all you have to do is come up with some competing interest that, oh, we didn't have time that particular day to get this person to a required medical treatment or we didn't have the budget to do it. He had one priority that day and that priority was to make sure Stark was safely taken to a dental appointment and returned back to jail. And he failed in that regard. And that is why he should be liable under the deliberate indifference standard as the district court applied. All right. Your time has expired. One quick factual question. Why does the 8th Amendment apply here? The record didn't seem to show that this man was a convicted prisoner serving a sentence, but it also didn't show that he was a pretrial detainee. What was his status? He was not a pretrial detainee. He was in jail, I believe, awaiting transfer to Oakdale, if I recall correctly. And Steve may correct me on that if I got it wrong. Well, why was he in jail awaiting transfer to Oakdale? For a prior criminal conduct. I mean, had he been convicted of something? Yes, yes. I think it was a plea agreement. But yes, he'd been found guilty of a crime and was awaiting transfer to Oakdale. He needed to begin service of his sentence? Yes. That's my understanding. All right. I couldn't find that in the record. You think that's in the record? It may not be, Judge, because I don't think it was really contested. We agreed it was. We didn't have any disagreement with it being an 8th Amendment case. Well, I know you didn't have any disagreement with it because you're the one who pleaded it that way. But in order to show the 8th Amendment applies, you have to show that you're dealing with a prisoner. So I would think maybe it's the plaintiff's burden to show that. But anyway, we'll hear from Mr. Ord in rebuttal. Thank you, Your Honors. I did cite in the reply brief some fairly extensive excerpts from the testimony of Mr. Stark. And I did so because I wanted to convey just how tense that situation was as it developed. From his point of view, Mr. Stark actually placed himself right in the middle of the back seat so he could see everything that was going on. Deputy Spruill did not start to follow this fellow after there was a gun fight. He started to follow him. And as he was following, the individual turned around and started shooting at Deputy Spruill. That's when Deputy Spruill took what the district court took the opportunity to describe as reckless driving because he turned to avoid the gunfire. Whether you're in a small county or not, police officers do have competing duties. And at what point you decide that this officer should, what if this is a school shooting? Do you just drive on by because you have an inmate in the back of your car? Or do you fulfill your duties both to Stark and to the community at large? Very clear from the testimony of Deputy Spruill, he did not intend to engage this individual. He did not go there with the purpose of preventing an armed robbery. He went there to advise and inform the authorities who did have jurisdiction over it. Got himself in a situation I'm sure he would rather not have been in. But to say this is a violation of the Eighth Amendment of the Constitution, that he violated the oath he took when he was a deputy and imposed cruel and unusual punishment on James Stark under these circumstances, this record does not support it and summary judgment should have been granted. Thank you. And do you agree that the Eighth Amendment applies with Stark's convicted in serving a sentence? Mr. Stark is a frequent occupant of the Lee County Jail and he had been there awaiting trial on one matter while he still had a sentence to finish on others. So he was a convicted prisoner and he was also a pretrial detainee. I guess he fits all categories. I see, but he was serving a sentence at the time of this incident. Yes, he had been sentenced by the court. He was not at Oakdale. I think he was there on an escape charge or something of something different that had arisen. But I'm not disputing that James Stark was a prisoner within the meaning of the Eighth Amendment. And we also argued that he'd failed to exhaust remedies under the Prison Litigation Reform Act. So we're not challenging that question. All right. Thank you, gentlemen, both for your arguments. The case is submitted and the court will file an opinion in due course.